Charles D. AUSBORN and Frona Ausborn, Individually, and as Personal Representative of the Estate of Matthew Ausborn

v.

SCOTT CHOTIN, INC.

Civ. A. No. 87–5644.

United States District Court, E.D. Louisiana.

Sept. 7, 1988.

Steve M. Marks, Marks & Lear, Baton Rouge, La., for plaintiffs.

Paul N. Vance, Rice, Fowler, Kingsmill, Vance & Flint, New Orleans, La., for defendant.

ROBERT F. COLLINS, District Judge.

This matter is before the Court on Motion of Defendant, Scott Chotin, Inc., for Summary Judgment dismissing the plaintiff's claims for loss of support, loss of society, and burial expenses. For all the reasons given below, the Court hereby GRANTS in part, DENIES in part.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment may be granted only there is no general issue of material fact. *Ecology Center of Louisiana, Inc. v. Coleman*, 515 F.2d 860, 864 (5th Cir.1975). "If there is a real factual dispute between the parties, relevant to a legal claim, then they must be afforded a trial." *Ecology Center*, 515 F.2d at 864.

■ Before liability can be assessed against a seaman's employer under the Jones Act, it must be shown that the employee was acting within the course of his employment at the time of of his death or injury. 46 U.S.C. App. § 688(a). A seaman acts in the course of his employment if, at the time of his injury or death, if "he was doing the work of his employer pursuant to his employer's orders." *Braen v. Pfeifer Oil Transportation Co.*, 361 U.S. 129, 132, 80 S.Ct. 247, 250 4 L.Ed.2d 191 (1959). However "a seaman is as much in the service of his ship when boarding it on first reporting for duty, quitting it on being discharged, or going to and from the ship while on shore leave, as he is while on board at high seas." *Braen*, 361 U.S. at 132, 80 S.Ct. at 250.

■ Defendant alleges that since the decedent was returning to ship in a severely intoxicated state after spending a number of hours on shore in taverns, the decedent was not in the scope of his employment, and the plaintiffs cannot recover for losses from the death of their son. The defendant cites *In re Atlass' Petition*, 350 F.2d 592 (7th Cir.1965), for authority for this proposition. However, the *Atlass'* court, after reviewing trial evidence to determine the level of intoxication, considered the severe intoxication of the seaman as an important factor in finding the seaman was not in the scope of his employment. *Atlass'*, 350 F.2d at 598. The question of intoxication is indeed material, and in the

instant case there is a dispute as to the level of intoxication. The Court, therefore, will DENY defendant's Motion for Summary Judgment on the issue of whether decedent was within the scope of his employment as per the Jones Act.

Defendant also cites *Atlass'* for the proposition that severe intoxication of the injured seaman is a bar to recovery under General Maritime Law. *Atlass'*, 350 F.2d at 598. Again, the level of intoxication is controlling and is disputed by the parties. For the foregoing reasons, The Court DENIES defendant's Motion for Summary Judgment on the issue of whether decedent's intoxication was the sole and proximate cause of his death.

Defendants further allege that under *Sistrunk v. Circle Bar Drilling Co.*, 770 F.2d 455 (5th Cir.1985), that a seaman's non-dependent parents cannot recover for loss of society, regardless of whether seaman had a surviving child or surviving spouse. Even assuming that the Fifth Circuit has anounced a concrete rule that all non-dependent parents cannot recover for loss of society of their seaman child, there is a factual dispute regarding whether plaintiffs were dependent upon the decedent. Though the decedent did not turn over part of his paycheck to the plaintiffs, he did live with plaintiffs on their dairy farm and did perform regular work when he was home. Therefore, the Court DENIES defendant's Motion for Summary Judgment on the question of whether plaintiffs are indeed dependent upon the decedent and so precluded from recovering for loss of society.

As plaintiffs have admitted that defendants have paid for decedent's burial expenses, the Court GRANTS defendant's Motion for Summary Judgment dismissing plaintiff's claims for burial expenses.

Accordingly, the Court hereby GRANTS defendant's Motion for Summary Judgement and DISMISSES plaintiffs' claims for the decedent's burial expenses. Additionally, the Court DENIES defendant's Motion for Summary Judgment on plaintiffs' claims for loss of support and society under both the Jones act and General Maritime Law.